# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

June 13, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Robert M. Levy, U.S.M.J.
225 Cadman Plaza East
Courtroom 11B South
Brooklyn, NY 11201-1804

   *Re:* **Rodriguez,** *et ano* **v. Crown Heights Pizza, LLC,** *et al.*
     <u>**Case No.: 1:24-cv-2848 (RML)**</u>

Dear Judge Levy:

  This firm represents the Defendants in the above-referenced case, who respectfully renew their letter motion for an extension of time to respond to Plaintiff's Complaint, ECF Docket Entry 1, and submit same in accordance with this Court's June 10, 2024 Order. For the reasons set forth below, because it is respectfully submitted that Defendants' default was not willful, Plaintiffs will not be prejudiced by the filing of a belated answer, and meritorious defenses exist to Plaintiffs' claims, Defendants' request to file a belated answer should be granted.

**<u>Procedural History</u>**

  The original date for corporate Defendant to respond to the Complaint was May 28, 2024. The original date for the individual defendants to respond to the Complaint was June 4, 2024.

  On June 9, 2024, the undersigned filed a letter motion, on consent, seeking an extension of time to answer the Complaint. On June 10, 2024, the undersigned was ordered to show cause by June 20, 2024 why a filing a belated answer should be permitted and a default not entered. This letter motion follows.

**<u>Standard for Setting Aside a Default</u>**

  To set aside a default, Courts in the Second Circuit consider "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." <u>See</u> <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir. 1993). It is respectfully submitted that Defendants satisfy each and every one of the *Enron* factors.

**<u>Defendants' Default Was Not Willful</u>**

  "'[W]illfulness,' in the context of a default, ... refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained." <u>See</u> <u>Bricklayers & Allied Craftworkers Local 2 Pension Fund ex rel. O'Sick v. Moulton Masonry & Constr., LLC</u>, 779 F.3d 182, 186 (2d Cir. 2015).

Even a defendant who was "grossly negligent" in failing to answer was not necessarily willful; "[r]ather, the defaulting party must have engaged in deliberate or egregious conduct." Sream Inc. v. Saakshi Enters. Inc., No. 16-CIV.-1408 (NG) (RML), 2017 WL 2633510, at *2 (E.D.N.Y. June 15, 2017).

The undersigned respectfully submits that the delay in filing the request for an extension of time to answer the complaint was not willful. Although your undersigned was retained on May 20, 2024, I was engaged before the Hon. Pamela K. Chen, U.S.D.J. for an all-day evidentiary hearing on May 29, 2024 in the matter of IME WatchDog, Inc. v. Gelardi, Case No.: 1:22-cv-1032 (PKC) (JCR) and was deeply entrenched in preparation for same.

Notwithstanding the foregoing, on May 21, 2024, Defendants conferred with Plaintiff to seek their consent for an extension of time to respond to the complaint. Plaintiff did not immediately consent, but ultimately did so. Defendants then prepared a consent letter motion and shared same with Plaintiff, who did not immediately respond. After following up with Plaintiff on June 6, 2024, and only after Plaintiff consented to the submission of the letter motion, Defendants filed the motion.

Therefore, it is respectfully submitted that the default was not willful, as there is no evidence of deliberate or egregious conduct. See Fed. R. Civ. P. 6(b)(1)(B) (permitting a Court to grant an extension of time upon a showing of just cause and excusable neglect). Indeed, the Defendants timely retained counsel, who was merely in the throes of preparation for an evidentiary hearing in another matter. This does not constitute willful conduct.

**Plaintiffs are not Prejudiced by the Eight (8) Day and Two (2) Day Delay in Responding**

"[D]elay alone is not a sufficient basis for establishing prejudice" to a non-defaulting party by vacating a default. See MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). "To demonstrate prejudice, [a plaintiff] must establish 'that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.'" See Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 388 (S.D.N.Y. 2013), aff'd in part and modified in part, 612 Fed. Appx. 11 (2d Cir. 2015) (quoting Davis, 713 F.2d at 916). In evaluating whether an adverse party would be prejudiced by vacatur of a default, the Court may consider whether "the delay occasioned by vacatur would 'thwart plaintiff's recovery or remedy.'" See PMJ Cap. Corp. v. Bauco, 333 F.R.D. 309, 313 (S.D.N.Y. 2019) (quoting State of New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005)).

Here, there was only a eight (8) day delay for the corporate Defendant to respond to the complaint, and just a two (2) day delay for the individual Defendants. Under these circumstances, Plaintiffs cannot establish any prejudice. Further, because Plaintiffs consented to a sixty (60) day extension of time for Defendants to respond to the complaint, no prejudice can be established for this independent reason. Moreover, this case is in its infancy, no scheduling orders have been filed, nor was a certificate of default requested. Therefore, Plaintiffs will not be prejudiced by this Court's exercise of discretion in favor of granting the requested extension of time.

**A Plethora of Meritorious Defenses Exist**

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." See Enron Oil Corp., 10 F.3d at 98. This is a low bar; the party seeking relief need only establish "even a hint of a suggestion" of a complete defense to the claims alleged. See Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980)). Again, a defendant seeking to vacate a default "need only meet a low threshold to satisfy [the meritorious defense] factor." See MD Produce, 304 F.R.D. at 110.

With the foregoing standard in mind, and upon a preliminary investigation, Defendants submit that the following defenses exist: (i) Plaintiffs cannot establish enterprise coverage or individual coverage under the Fair Labor Standards Act; (ii) Plaintiffs were paid all wages due; (iii) Plaintiffs did not work the number of hours they claim to have worked and/or Defendants did not suffer or permit Plaintiffs to work the number of hours they claim to have worked; and (iv) Defendants acted in good faith. Indeed, while further discovery and investigation is necessary to ascertain additional defenses to Plaintiffs' claims, in light of the "oft-stated preference for resolving disputes on the merits," see Enron Oil Corp., 10 F.3d at 95, it is respectfully requested that Defendants' default be set aside and Defendants be permitted to file a belated answer.

Therefore, it is respectfully submitted that Defendants' default be set aside, and that Defendants be permitted through and including July 27, 2024, to respond to Plaintiffs' Complaint, or any date the Court deems just and proper.

Defendants thank this honorable Court for its time and attention to this case.

Dated:  Jamaica, New York
       June 13, 2024

Respectfully submitted,
**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Crown Heights Pizza LLC,*
*Aleksandr Isakharov, and*
*John Iezzi, Jr.*

**VIA ECF**
CSM Legal, P.C.
<u>Attn</u>: Catalina Sojo, Esq.
60 East 42nd Street, Suite 4510
New York, NY 10165-0002
catalina@csmlegal.com

*Attorneys for Plaintiffs*
*Fernando Rodriguez, and*
*Arturo Mejia Trujillo*