# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

July 26, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Robert M. Levy, U.S.M.J.
225 Cadman Plaza East
Courtroom 11B South
Brooklyn, NY 11201-1804

    *Re:*  **Rodriguez,** *et ano* **v. Crown Heights Pizza, LLC,** *et al.*
       **Case No.: 1:24-cv-2848 (RML)**

Dear Judge Levy:

  This firm represents the Defendants in this case, who respectfully submit this letter motion in accordance with ¶ 3 of this Court's Individual Motion Practices and Rules[1] (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss Plaintiffs' Complaint ("<u>Compl.</u>"), ECF Docket Entry <u>1</u>, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").  Defendants provide the basis of their anticipated motion below.

**Relevant Background**

  On April 16, 2024, Plaintiffs Fernando Rodriguez ("Rodriguez") and Arturo Mejia Trujillo ("Trujillo") (Rodriguez and Trujillo collectively hereinafter the "Plaintiffs") filed the instant complaint in this case.  <u>See</u> Docket Entry <u>1</u>.  The complaint asserts causes of action under: (i) the Fair Labor Standards Act ("FLSA") for failure to pay overtime and minimum wages; (ii) New York Labor Law ("NYLL") for failure to pay minimum wages and overtime, failure to pay spread of hours compensation, unlawful deduction, failure to pay wages at prescribed frequency, failure to provide pay stubs / wage notices and recordkeeping failures.  <u>See</u> <u>Id.</u> at ¶¶ 104-141.

**This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim**

  Plaintiffs allege that they were employees of a pizzeria owned by Defendants.  <u>See</u> <u>Compl.</u> at ¶¶ 40-41, 59-60.  They allege that they were paid based on an hourly rate or a fixed salary and were not compensated for all hours worked.  <u>See</u> <u>Id.</u> at ¶¶ 50-51, 68-70.  They claim, without any facts in support, that they were not paid overtime pay when they worked more than forty (40) hours in a week.  <u>See</u> <u>Id.</u> at ¶¶ 15, 102, 112, 121.  The complaint fails to allege how much each Plaintiff was paid, other than allegations that they were generally paid anywhere either $15.00 per hour or $700.00 to $900.00 per week, with no allegation as to how many hours either Plaintiff worked in any week such that any alleged underpayment could be divined.  <u>Id.</u> at ¶¶ 45-48, 50-51, 66-70, .

---

[1] The Individual Rules provide that all dispositive motions are to be made to the District Judge; however, pursuant to Administrative Order 2023-23, no District Judge has yet been assigned.  As such, the Defendants apply this Court's Individual Rules for seeking to file a dispositive motion.

Hon. Robert M. Levy, U.S.M.J.
July 26, 2024
P a g e | 2

Plaintiffs' allegations of hours worked are made in the aggregate, and are approximated. Id. at ¶¶ 46-48, 66. As set forth below, this is wholly insufficient to state a claim under the FLSA.

**Legal Standard**

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiffs fail to remotely meet the plausibility standard required to state a claim for their causes of action under the FLSA for overtime payments. They fail to identify a single week in which either of them worked and were not paid at least the minimum wage or any overtime wages.

Accordingly, Plaintiffs' wage-and-hour claims must be dismissed for failure to state a claim. For the same reason, Plaintiffs may not conditionally certify a collective action because they have failed to establish any violation of the FLSA.

Further, the claims against the individual defendants must be dismissed because the complaint only makes conclusory allegations that they hired, fired, set wages and schedules, as well as maintained employment records, without more. This is not enough to state a claim against an individual as an employer. See Inclan v. New York Hosp. Group, Inc., 95 F Supp 3d 490, 507 (S.D.N.Y. 2015) (setting forth standard to determine individual liability under the FLSA).

Finally, this Court should decline to exercise supplemental jurisdiction over the Plaintiffs' state law claims.

Accordingly, Defendants' letter motion for a pre-motion conference should be granted.

Defendants thank this honorable Court for its time and attention to this case.

Hon. Robert M. Levy, U.S.M.J.
July 26, 2024
P a g e | **3**

Dated: Jamaica, New York
       July 26, 2024               Respectfully submitted,

                                               **SAGE LEGAL LLC**

                                               _____/s_____
                                               Emanuel Kataev, Esq.
                                               18211 Jamaica Avenue
                                               Jamaica, NY 11423-2327
                                               (718) 412-2421 (office)
                                               (917) 807-7819 (cellular)
                                               (718) 489-4155 (facsimile)
                                               mail@emanuelkataev.com

                                               *Attorneys for Defendants*
                                               *Crown Heights Pizza LLC,*
                                               *Aleksandr Isakharov, and*
                                               *John Iezzi, Jr.*

**VIA ECF**
CSM Legal, P.C.
<u>Attn</u>: Catalina Sojo, Esq.
60 East 42nd Street, Suite 4510
New York, NY 10165-0002
catalina@csmlegal.com

*Attorneys for Plaintiffs*
*Fernando Rodriguez, and*
*Arturo Mejia Trujillo*