# CSM Legal, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                           Facsimile: (212) 317-1620

September 3, 2024

**VIA ECF**
Honorable Nina R. Morrison
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>        **Re:**        **Rodriguez et al v. Crown Heights Pizza LLC et al**
>        **Case:**       **24-cv-02848**

Dear Judge Morrison:

This office represents Plaintiffs in the above-named action. We submit this letter in opposition to Defendants' letter dated July 26, 2024, requesting a pre-motion conference in anticipation of a motion to dismiss (Docket No. 11).

### Background:

Plaintiffs filed a Complaint against Defendants Crown Heights Pizza LLC, John Iezzi Jr., and Aleksandr Isakharov, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for failure to pay minimum and overtime wages, spread of hours compensation under N.Y. Comp. Codes R. & Regs., tip-credit violations, failure to pay timely wages, and failure to provide payroll notices and wage statements (Docket No. 1).

### I.        Defendants' Failure to State a Claim Argument

Defendants' argument that Plaintiffs have not sufficiently pleaded wage and hour violations is both vague and conclusory, and it misrepresents the allegations contained in the Complaint. Plaintiffs' overtime allegations meet Fed. R. Civ. P. 12(b)(6)'s plausibility standard because they contain sufficient facts from which this Court can infer that Defendants unlawfully denied Plaintiff overtime.

To survive a motion to dismiss, the complaint "does not need detailed factual allegations . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but merely "enough facts to state a claim to relief that is plausible on its face . . ." *id.* at 570. "Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. Of Long Island, Inc*., 711 F.3d 106, 114 (2d Cir. 2013).

Indeed, in the context of FLSA overtime claims, Courts have determined that the 12(b)(6) plausibility standard is satisfied where, "'a plaintiff [] sufficiently allege[s] 40 hours of work in a

1

given workweek as well as some uncompensated time in excess of 40 hours,'" *Cruz v. Answer Group, Inc.*, 2014 U.S. Dist. LEXIS 52117, *7 (S.D.N.Y. April 7, 2014) (*quoting Lundy*, 711 F.3d at 114), and a plaintiff need only provide a *single* workweek in which he or she worked overtime without appropriate overtime compensation. *See Lundy*, 711 F.3d at 114; *Bonn-Wittingham v. Project O.H.R.*, 2016 U.S. Dist. LEXIS 172767, *19 (E.D.N.Y. Dec. 12, 2016).

Plaintiffs have exceeded this requirement by providing a detailed schedule of their weekly hours and payment. In the complaint, Plaintiffs lay out: (1) the time periods they worked; (2) the hours they worked during those periods; and (3) the pay they received during those periods.

Defendants assert that the Complaint fails to specify how much each Plaintiff was paid, alleging only that they earned between $15.00 per hour and $700.00 to $900.00 per week, without stating the number of hours worked. This assertion is incorrect. Notably, Defendants did not directly cite or quote Plaintiffs' actual wage and hour allegations. The Complaint clearly specifies the number of hours worked during each time period and the corresponding pay. Taken together, these allegations are sufficient for the Court to plausibly infer that Plaintiffs were not paid proper minimum wage or overtime. *See* Escamilla v Young Shing Trading Co., 2019 US Dist LEXIS 140393, 2019 WL 3716195 (EDNY May 1, 2019, No. 17-CV-652 (MKB-SJB)), adopted by Escamilla v. Young Shing Trading Co., 2020 U.S. Dist. LEXIS 29431 (E.D.N.Y., Feb. 20, 2020) (finding Plaintiff's allegations of employment periods, hours worked, and pay received sufficient to infer overtime violations and overcome a motion to dismiss).

Plaintiffs' allegations, as detailed in the Complaint, are sufficient to properly assert claims for unpaid wages under both the FLSA and NYLL, even considering the cases cited by Defendants. In *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) the court upheld the dismissal of FLSA overtime claims where, unlike in this case, the plaintiffs failed to specify even a single week in which they worked over 40 hours. Similarly, in *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 201 (2d Cir. 2013), the court dismissed overtime claims under the FLSA and NYLL because, unlike the present case, the plaintiffs merely claimed they were not paid for overtime without alleging that they were scheduled to work more than 40 hours in any specific week. Additionally, in *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013), the court dismissed claims where the plaintiff failed to provide any estimate of work hours for a given week and the complaint lacked concrete figures to support the allegations.

For these reasons, Defendants' request to move to dismiss Plaintiffs' wage and hour claims under the FLSA and NYLL for failure to state a claim should be denied in its entirety.

Thank you for your attention.

Respectfully submitted,

/s Catalina Sojo
Catalina Sojo, Esq.