# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

January 15, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Nina R. Morrison, U.S.D.J.
225 Cadman Plaza East
Courtroom 6E North
Brooklyn, NY 11201-1804

      *Re*:    Rodriguez, *et ano* v. Crown Heights Pizza, LLC, *et al.*
             <u>Case No.: 1:24-cv-2848 (NRM) (RML)</u>

Dear Judge Morrison:

      This firm represents the Defendants in this case, who respectfully submit this supplemental letter brief in accordance with this Court's Order dated January 9, 2025 to respectfully bring to the Court's attention legal authorities that the Court may have overlooked or misapprehended in determining Defendants' motion to dismiss the Fair Labor Standards Act ("FLSA") claims for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

      During the pre-motion conference, this Court relied on the Second Circuit's decision in <u>Herrera v. Comme des Garcons, Ltd.</u>, 84 F.4th 110, 114 (2d Cir. 2023) (hereinafter "<u>Herrera</u>"). As discussed in <u>Herrera</u>:

> This Court has demanded that plaintiffs provide *some degree of "specificity"* in order to sufficiently plead an FLSA overtime claim. …. For example, in <u>Lundy</u> we concluded that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in *<u>a given workweek</u> as well as <u>some uncompensated time</u> in excess of the 40 hours*." … It is not enough to allege that the plaintiff worked in excess of forty hours "in some or all workweeks."

      The complaint here does not sufficiently allege forty (40) hours in a given workweek, only general allegations that Plaintiffs worked in excess of forty hours in all workweeks, in derogation of the Second Circuit's decision in <u>Herrera</u>.

      The complaint does not identify any single workweek and provides generalized allegations concerning some workweeks. See, e.g., ECF Docket Entry 1 ¶¶ 44 (throughout employment); 45 (*approximately* June 2022); 46 (*approximately* July 2022 until *on or about* May 16, 2023); 47 (*approximately* July 24, 2023 until *on or about* September 2023); 48 (*approximately* October 2023 until *on or about* December 5, 2023); 50 (*approximately* June 2019 until *on or about* September 2023); 51 (*approximately* October 2023 until *on or about* December 5, 2023).

      The complaint also fails to sufficiently allege that there was uncompensated time.

With respect to one Plaintiff, there is solely an allegation that he was paid $15.00 per hour without any indication as to how much he earned every week for one period of time, and another allegation that he was paid $900.00 per week without any indication as to what this amount was intended to cover.  As to the other Plaintiff, there are similar allegations of weekly salaries.

As explained by the Second Circuit in Paleja v. KP NY Operations LLC, No. 21-286-CV, 2022 WL 364007 (2d Cir. Feb. 8, 2022) ("Paleja"), "[t]he FLSA requires that an employee who works 'in excess of' 40 hours per week be compensated for those overtime hours at a rate of no less than one and one-half times the 'regular rate at which he is employed.' 29 U.S.C. § 207(a)(1). '[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.' Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013). We have cautioned, however, that '[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'' Id. (quoting Iqbal, 556 U.S. at 679)."

In Paleja, the Plaintiff alleged that he was "paid a salary which was subject to reduction based on the amount of work performed." App'x 10, ¶ 10. He further alleges that he "regularly worked in excess of 40 hours per week," and that "[a]lthough his total number of hours varied from week to week," in a "typical week" he would work "approximately 70 [sic] hours — 11am to 11pm, 6 days per week." Id. ¶ 9. More specifically, Paleja's complaint includes one example, from "in or about the first week of September[ ] 2019" in which he "would have worked approximately 70 hours and was paid a salary of some $1400." Id. ¶ 11.

The Second Circuit determined that "[w]hile Paleja may well have sufficiently pleaded that he worked more than 40 hours a week, properly stating an overtime claim under the FLSA *additionally requires a plaintiff to allege that he was 'uncompensated' for time worked 'in excess of the 40 hours.'*"   See Paleja, at *2 (emphasis added).  It cited his specific example of one work week (which is lacking in the complaint here) as insufficient because it is unclear as to the "regular rate at which [Paleja] [was] employed," and failed to provide the District Court with allegations sufficient to allow for the reasonable inference that the $1,400 "payment failed to include overtime compensation[.]" Id.  Critically, the Second Circuit found that "[w]hile the facts alleged certainly leave open the possibility that Paleja was insufficiently compensated for overtime, the "mere *possibility* of misconduct" is not enough to make out a *plausible* claim.  Id. (emphasis in original).  Like the Plaintiff in Paleja, the Plaintiffs here failed to allege their regular rate of pay. Cf.  Montoya v. Havana Cent. NY 2, LLC, No. 23-CIV.-111 (JLR) (GS), 2024 WL 874640, at *10 (S.D.N.Y. Jan. 8, 2024), report and recommendation adopted, 2024 WL 871206 (S.D.N.Y. Feb. 29, 2024).

It is critical to note that a plaintiff cannot satisfy his burden through " 'general assertions' that [he or she] 'typically, occasionally, or regularly worked more than forty hours a week, without more.'" See Thompson v. Urban Recovery House, LLC, No. 20-CIV.-9581 (PGG) (JLC), 2022 WL 589957, at *4 (S.D.N.Y. Feb. 28, 2022) (quoting Limauro v. Consolidated Edison Co. of New York. Inc., No. 20-CV-3558 (CM), 2021 WL 1226872, at *2 (S.D.N.Y. Mar. 31, 2021)), report and recommendation adopted, 2022 WL 4547411 (S.D.N.Y. Sept. 29, 2022).

Hon. Nina R. Morrison, U.S.D.J.
January 15, 2024
P a g e | 3

A plaintiff must plead more than "the number of hours worked in a typical week and the alleged time worked without pay." See Sokolovsky v. Silver Lake Specialized Care Ctr., No. 21-CIV.-1598 (MKB), 2023 WL 5977298, at *6 (E.D.N.Y. Sept. 14, 2023). The Plaintiffs here did just that in their barebones pleading about their typical workweek and approximate dates.

Defendants' point is best illustrated in the lens of the Hon. Lawrence J. Vilardo, U.S.D.J.'s recent decision in Lennert v. Delta-Sonic Carwash Sys., Inc., No. 20-CV-479 (LJV) (HKS), 2024 WL 1363672, at *6 (W.D.N.Y. Mar. 30, 2024). There, that court held:

> Unlike Herrera, however, Lennert pleaded in the SAC that "[f]rom the commencement of her employment until August 2019, [she] worked full time for Delta-Sonic, at least five days per week, and *routinely* worked in excess of forty (40) hours per week, *typically* working over ten hours each day." Docket Item 47 at ¶ 77 (emphasis added). This Court agrees with Judge Schroeder that this is precisely the type of pleading that the Second Circuit—including in Herrera— has stated is insufficient. See Docket Item 56 at 11; Herrera at 84 F.4th at 114 ("It is not enough to allege that the plaintiff worked in excess of forty hours 'in some or all workweeks.'" (quoting Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 90 (2d Cir. 2013))). In other words, unlike the plaintiff in Herrera, Lennert does not allege that she had a set schedule requiring her to work more than forty hours a week, every week.

Id. at *6 (emphasis in original).

Here, like in Lennert, the Plaintiffs similarly plead that they routinely and typically worked in excess of forty (40) hours per week without actually specifying a single week or making any allegations about the existence of uncompensated time under the FLSA. It is worthy to note that under the FLSA, the minimum wage is $7.25 and there can be no plausible overtime violation based on an hourly rate of $15.00 nor $900.00 per week, which amount could conceivably cover the hours worked by Plaintiffs during their workweek under the FLSA's standard. See, e.g., Paleja, at *2 n. 1 (discussing how Plaintiff's reverse engineering to derive a regular rate is insufficient to state a claim under the FLSA).

Accordingly, Defendants respectfully submit that this Court should reconsider its conditional Order denying their anticipated motion to dismiss and permit full briefing on the issue.

Defendants thank this honorable Court for its time and attention to this case.

Hon. Nina R. Morrison, U.S.D.J.
January 15, 2024
P a g e | **4**

Dated: Jamaica, New York
      January 15, 2025                        Respectfully submitted,

                                               **SAGE LEGAL LLC**

                                               _____/s_____
                                               Emanuel Kataev, Esq.
                                               18211 Jamaica Avenue
                                               Jamaica, NY 11423-2327
                                               (718) 412-2421 (office)
                                               (917) 807-7819 (cellular)
                                               (718) 489-4155 (facsimile)
                                               mail@emanuelkataev.com

                                               _Attorneys for Defendants_
                                               _Crown Heights Pizza LLC,_
                                               _Aleksandr Isakharov, and_
                                               _John Iezzi, Jr._

**VIA ECF**
CSM Legal, P.C.
<u>Attn</u>: Catalina Sojo, Esq.
60 East 42nd Street, Suite 4510
New York, NY 10165-0002
catalina@csmlegal.com

_Attorneys for Plaintiffs_
_Fernando Rodriguez, and_
_Arturo Mejia Trujillo_